Presley J. Meyers v. Commissioner.
Meyers v. Commissioner
Docket No. 81449.
United States Tax Court
T.C. Memo 1961-187; 1961 Tax Ct. Memo LEXIS 163; 20 T.C.M. (CCH) 940; T.C.M. (RIA) 61187; June 22, 1961
*163 Held: Petitioner has failed to meet the burden of proof of error in respondent's determination of petitioner's income from tips for the years 1956 and 1957. Grady C. Durham, Esq., Maritime Bldg., New Orleans, La., for the petitioner. Robert B. Alexander, Jr., Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: Respondent determined deficiencies in income tax and additions to the tax of the petitioner as follows: Addition to
Tax Under
Taxable
Sec. 6653(a),
Year
Deficiency
I.R.C. 1954
1956
$625.00
$31.25
1957
671.04
33.55
The basic issue presented is whether or not petitioner has met the burden of proof of error on the part of respondent in determining the respective amounts of tips received by petitioner in 1956 and 1957. Findings of Fact Some of the facts are stipulated and are incorporated herein by this reference. Petitioner resides in New Orleans, Louisiana, and filed his individual income tax returns for the taxable years 1956 and 1957 with the district director of internal revenue at New Orleans, Louisiana. Petitioner reported wages, taxes withheld, and tips as follows: *164 Income
Tax
1956
Wages
Withheld
New Hotel Monteleone,
New Orleans
$ 243.99
$ 3.40
Beach House
380.00
17.10
Brennan's French & Cre-
ole Restaurant
108.00
21.60
$ 731.99
$42.10
Other income (Tips)
76.50
$ 808.49
1957
New Hotel Monteleone,
New Orleans
$ 995.64
$59.80
Other income (Tips)
225.00
$1,220.64
The amount of petitioner's income from tips was determined by respondent as follows: Year
Amount
1956
$3,275.15
1957
3,473.10
From December 11, 1956, to the end of that year and during all of 1957, petitioner was a waiter at the Swan Room, a night club in the Hotel Monteleone. The Swan Room opened December 11, 1956. Calendar year sales, exclusive of taxes, for 1957 for the Swan Room were $224,391.09. The ratio of tips to sales in the Swan Room was approximately 15.8 percent. Estimated total tips received by Swan Room waiters during 1957 was $35,453.79. There were 2,871 waiter days worked during 1957 in the Swan Room. Approximately $1 per day out of each $12.35 of estimated tips received by each waiter was paid by him to his busboy. Petitioner worked 306 evenings during 1957 at the Swan Room. During *165 1956, petitioner worked 130 evenings as a waiter at Brennan's French Restaurant, 19 evenings at the Swan Room, 76 days as a room service waiter at the Monteleone Hotel, and 130 evenings at the Beach House. Room service sales of food and beverages for 1956 at the Monteleone Hotel were $80,241.27. There were 2,456 waiter days worked during 1956 in room service. The percentage of tips to sales for room service at the Monteleone Hotel was approximately 20.536 percent. Estimated total tips received by all room service waiters was $16,478.35 during 1956 and $22,997.44 for 1957. Room service sales of food and beverages for 1957 were $111,986. There were 2,763 waiter days worked during 1957 in room service. Tips per day average for room service waiters, including petitioner, were $7.50 during 1956 and 1957. In 1956, petitioner received a commission on wines sold at Brennan's and had to pay $1.35 per day to work there. Petitioner's tip income per day from Brennan's in 1956 was $11.35. Petitioner received tip income per day in the amount of $7.80 at the Beach House in 1956. Tips received were relatively the same per waiter, regardless of the number of waiters at work. The number *166 of waiters were increased or decreased depending upon requirements. Tips were approximately the same percentage on small checks as on larger checks. Customers in the Swan Room were presented a bill which included a total of food and beverage sales, plus taxes of 2degree percent, and customers usually tipped on the over-all total. The Monteleone Hotel averages 80 to 85 percent full on a yearly basis. There were approximately 500 rooms available in the Monteleone Hotel in 1956 and approximately 530 in 1957. Federal cabaret tax was 20 percent, city cabaret tax five percent, state sales tax two percent and city sales tax one percent during 1957. Hildegard, Carmen Cavallaro, Liberace and Tito Guizar were some of the entertainers who appeared in the Swan Room while petitioner worked there during 1957. During October 1957, there was an average of 9 1/2 waiters working in the Swan Room of the Monteleone Hotel for the month. October was considered one of the better months. There were 11 3/4 waiters each day in the Swan Room during December 1956. October, December and January were busier months and were months in which a higher number of waiters were employed than in months with *167 less business. On the average, about 200 people were served per evening in the Swan Room. On busy evenings, a maximum of 500 people could be served. There were about 50 tables in the Swan Room. Service at these tables could turn over twice during the evening, serving one group of people from 6 to 10 p.m. and another from 10 p.m. to 2 a.m. A waiter would ordinarily serve two sets of people at these tables. Petitioner kept no books or records in regard to the actual amount of tips received by him in 1956 and 1957. His income from tips was substantially understated in his income tax returns for those years. Opinion On the issue of income from tips in 1956 and 1957, the burden rests upon petitioner to establish error in respondent's determination. No proposed findings of fact, and no objection to respondent's proposed findings, were offered on petitioner's behalf. It is apparent that the estimated tips reported by him in his income tax returns for 1956 and 1957 were too low. Petitioner kept no records of his tip income. In view of this, respondent faced the necessity of making an investigation and determination on the basis of the best information available to him. There *168 is nothing in the record to indicate that his determination was in any sense arbitrary. To the contrary, the acceptable evidence produced at the trial substantially supports his determination rather than contradicting or undermining it in any way. That petitioner faced a difficult burden is attributable largely to his own failure to keep the required records. In any event, it is obvious from the entire record that petitioner failed to meet the burden of proving error in respondent's determination as to income from tips and we, accordingly, hold for respondent on this issue. Respondent also determined additions to tax under section 6653(a) of the Code of 1954. Petitioner has offered neither evidence nor argument demonstrating error as to the determination of such additions. We, therefore, affirm respondent's determination of such additions. Decision will be entered for the respondent.